No. 4001

Second Circuit

LARANCE ET AL. v. NORRIS

(May 20, 1931. Opinion and Decree.)
(July 14, 1931. Rehearing Refused.)

E. L. Walker, of Ruston, attorney for plaintiffs, appellees.

J. W. Elder, of Ruston, attorney for defendant, appellant.

WEBB, J. This is an action for damages arising out of an automobile collision, in which each of the owners of the cars claims that the collision resulted from the negligence of the driver of the other car, and each claims damages sustained by their respective machines from the collision.

The collision occurred after dark on a public highway which runs approximately north and south, at a place where the road curves; and at the time of the accident plaintiff's car was moving south and defendant's car was moving north. Each of the parties alleged that the cause of the collision was due to the negligence of the driver of the other car in driving on the wrong side of the road at an excessive rate of speed; and defendant alleged in the alternative, in event it should be held that the driver of his car was guilty of any negligence, that the driver of plaintiff's car was guilty of contributory negligence in driving at an excessive rate of speed in going around the curve.

On trial, judgment was rendered in favor of plaintiff, and defendant appealed, urging here that the court erred in its finding that defendant's car was being driven on the wrong side of the roadway; and, in the alternative, appellant urges that the evidence established that plaintiff's car was being driven around the curve at a rate of speed in excess of 15 miles per hour, in violation of the statute regulating traffic on the highways (Act No. 296 of 1928), and that the violation of the statute contributed to the accident.

The evidence relative to the position of the cars on the roadway at the time of the collision was, as the pleadings would indicate, conflicting. The drivers and occupants of the respective cars stated that the other car was on the wrong side of the roadway; yet the preponderance of the evidence relative to the physical facts shows that the collision occurred on the west side of the roadway, and supports the

statement of the driver and occupant of plaintiff's car, and it cannot be said that the finding of the trial court relative to the position of the cars at the time of the accident was manifestly erroneous; and, unless the proof shows that the driver of plaintiff's car was guilty of contributory negligence, the judgment holding defendant responsible for the damage resulting from the collision was correct.

Considering the contention that the driver of plaintiff's car violated the statute, and that such violation contributed to the accident. While the evidence established that plaintiff's car was being driven at a rate of speed of 30 miles per hour around the curve, such rate of speed is not excessive, under the provision of the statute on which appellant relies (title 2, sec. 5, subsection (b), par. 4, Act No. 296 of 1928), unless the driver's view was obstructed within a distance of 100 feet along the highway in the direction in which he was proceeding, and the evidence does not establish that the driver of plaintiff's car did not have a view of the roadway for a distance of 100 feet in the direction in which he was proceeding. On the contrary, the driver of defendant's car and defendant, who was one of the occupants of the car, stated that they had seen plaintiff's car when it was at a distance of approximately 75 yards, which indicates, at least, that the driver of plaintiff's car had a view of the roadway for more than 100 feet. The evidence does not show that the driver of plaintiff's car violated the statute or that the rate of speed at which the car was driven contributed to the accident.

There was not any contest as to the amount awarded plaintiff, and, from our review of the evidence, we find that the judgment appealed from is correct, and it is affirmed, at appellant's cost.